# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SILVER STATE FAIR HOUSING COUNCIL, INC. and JOYCE EVELYN RUANO, | Case No. 3:12-cv-00229- MMD-VPC |
| Plaintiffs, | **CONSENT DECREE** |
| v. | |
| ROSEWOOD PARK, LLC and MAGGIE CUEVAS | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| ROSEWOOD PARK, LLC, BUFF MANAGEMENT, INC., CHAIM FREEMAN, JANET NOWACK, and MAGGIE CUEVAS | |
| Defendants. | |

## I. INTRODUCTION

1.    On April 25, 2012, Silver State Fair Housing Council, Inc. ("SSFHC") and Joyce E. Ruano filed suit against Defendants Rosewood Park, LLC and Maggie Cuevas alleging violations of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631, as well as a claim of negligence.

1

2.     On referral from the Department of Housing and Urban Development, the United States filed a separate action on November 15, 2012, against Defendants Rosewood Park, LLC, Buff Management, Inc., Chaim Freeman, Janet Nowack, and Maggie Cuevas (collectively, "Defendants") on behalf of the Private Plaintiffs pursuant to 42 U.S.C. § 3612(o).   The United States alleges that Defendants, in violation of 42 U.S.C. § 3614(a), engaged in a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, and a denial to a group of persons of rights granted by the Fair Housing Act, which denial raises an issue of general public importance.   This action was consolidated with the Private Plaintiffs' suit on December 21, 2012.

3.     Specifically, the United States and the Private Plaintiffs allege that Defendants engaged in discriminatory conduct at Rosewood Park Apartments, a 900-unit complex in Reno, Nevada.   The discriminatory conduct alleged in the complaints includes, but is not limited to, the following: limiting individuals with certain assistance animals to a particular section of Rosewood Park Apartments; subjecting such individuals to pet fees; requiring assistance animals to be licensed or certified; and barring companion or uncertified service dogs altogether.

4.     The parties agree that, to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings or a trial.

It is hereby ORDERED, ADJUDGED and DECREED:

## II.  SCOPE AND TERM OF THE CONSENT DECREE

5.     The provisions of this Consent Decree (hereafter "Decree") shall apply to Defendants, employees, agents, and their successors-in-interest.

6.      Unless otherwise specified herein, the provisions of this Decree apply to any residential rental property that is owned, operated, or managed by any of the Defendants. These properties (hereafter "Covered Properties") include:

a.   Rosewood Park Apartments in Reno, Nevada;

b.   Crossings at Lake Mead in Las Vegas, Nevada; and

c.   Catalina Apartments in Las Vegas, Nevada.

7.      This Decree is effective immediately upon its entry by the Court.  For purposes of this Decree, the phrases "date of this Decree" and "effective date" shall refer to the date on which the Court enters the Decree.

## III. GENERAL INJUNCTION

8.      Defendants, their agents, employees, successors and assigns, and all other persons in active concert or participation with them, are hereby enjoined from:

a.   Discriminating on the basis of disability in any aspect of the rental of a dwelling, in violation of 42 U.S.C. § 3604(f)(1);

b.   Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2);

c.   Refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodations may be necessary to afford equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

d. Making, printing, or publishing, or causing to be made, printed or published any notice or statement, with respect to a dwelling, that indicates a preference, limitation, or discrimination on the basis of disability, in violation of 42 U.S.C. § 3604(c); and

e. Representing, based on disability, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of 42 U.S.C. § 3604(d).

## IV. POLICY CONCERNING REQUESTS FOR ASSISTANCE ANIMALS

9.      No later than thirty (30) days after the date of this Decree, Defendants shall submit for approval to the United States a proposed policy concerning requests for assistance animals. The policy shall, at a minimum, include the information contained in Attachment A.

10.      Within fourteen (14) days of the United States' approval of the proposed policy, Defendants shall adopt the policy ("the New Policy"), and notify in writing each tenant of the Covered Properties of the adoption and implementation of the New Policy. Notice shall be delivered to each unit at the Covered Properties.

11.      No later than thirty (30) days after the adoption of the New Policy, Defendants shall post the New Policy, or a link to it, on the home page of the official websites for the Covered Properties. These websites include: www.rosewoodparkreno.com; www.catalinagardenslv.com; www.thecrossingslv.com.

12.      Until the New Policy is approved, Defendants shall not enforce its current pet policies against persons who claim to have assistance animals in their units at the Covered Properties.

13.     The New Policy, once approved, shall supersede all existing policies, procedures and resolutions concerning or affecting approval of assistance animals at the Covered Properties.

14.     No later than ten (10) days after the adoption of the New Policy, Defendants shall apprise each of their agents or employees involved in showing, renting, managing, or approving rental applications for any of the Covered Properties of such persons' obligations under this Decree, including but not limited to the New Policy, and under the Fair Housing Act, 42 U.S.C. §§ 3601-3631.  Defendants shall furnish each employee or agent covered by this paragraph with a copy of this Decree, and each employee or agent covered by this paragraph shall sign a statement in the form of Attachment B acknowledging that he or she has received, read and understands this Decree, and declaring that he or she will perform his or her duties in accordance with this Decree and the Fair Housing Act, 42 U.S.C. §§ 3601-3631.

15.     During the effective period of this Decree, all new agents or employees of Defendants involved in showing, renting, managing, or approving rental applications for any of the Covered Properties shall (a) be apprised of the contents of this Decree, including but not limited to the New Policy, and of their obligations under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, when their term, employment, or agency commences; (b) be provided copies of this Decree and the New Policy; and (c) execute the statement contained in Attachment B no later than ten (10) days following their first day of employment or service.

## V.  MANDATORY EDUCATION AND TRAINING

16.     Within ninety (90) days of the date of this Decree, Defendants and any agents or employees of Defendants involved in showing, renting, managing, or approving rental

applications for any of the Covered Properties shall attend, at Defendants' expense, an in-person education and training program regarding the disability discrimination provisions of the Fair Housing Act. The education and training shall be conducted by a qualified third party, approved in advance by the United States, and unconnected to Defendants or their employees, agents, or counsel.

17.     Defendants shall obtain from the trainer or training entity certificates of attendance signed by each individual who attended the training. The certificates shall include the name of the course, the date the course was taken, the subject matters covered in the course, and the length of the course or time within which the course was completed.

18.     During the effective period of this Decree, within ninety (90) days of commencing an employment or agency relationship, all new agents or employees involved in showing, renting, managing, or approving rental applications for any of the Covered Properties shall be provided training and complete a certificate of attendance as described in Paragraphs 16 and 17.

## VI. NONDISCRIMINATION POLICIES

19.     Within thirty (30) days of the date of this Decree and throughout its term, Defendants shall post and prominently display within leasing offices at the Covered Properties, an "Equal Housing Opportunity" sign no smaller than eleven (11) inches by fourteen (14) inches. The sign must indicate that all units at the respective properties are available for rent on a nondiscriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

20.     Throughout the term of this Decree, Defendants shall ensure that any signs, pamphlets, brochures, or other promotional literature for the Covered Properties include a

fair housing logo, the phrase "Equal Opportunity Housing Provider," or the following sentences:

> We are an Equal Opportunity Housing Provider.  We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability.

## VII.    REPORTING AND RECORD-KEEPING REQUIREMENTS

21.    Defendants shall, within thirty (30) days of their occurrence, notify and provide documentation to the United States of the following events:

a.    The adoption of the New Policy at the Covered Properties;

b.    The written notification to tenants of the Covered Properties required in Paragraph 10;

c.    The posting of a link to the New Policy on the websites of the Covered Properties as required in Paragraph 11;

d.    Executed copies of Attachment B for the Covered Properties;

e.    The education and training attended pursuant to Section V for the Covered Properties, including certifications executed by the trainer(s) confirming attendance;

f.    Any denial by Defendants or their agents or employees of a request by a tenant or applicant of the Rosewood Park Apartments to keep an assistance animal, including that person's name, address, and telephone number, and the details of the request and reason(s) for the denial; and

g.    Any written or oral complaint against Defendants or their agents or employees, regarding discrimination on the basis of disability, including a copy of the written

complaint itself or a written summary of an oral complaint and the name, address, and telephone number of the complainant. Defendants shall also promptly provide the United States with information concerning resolution of the complaint.

22. Defendants shall submit annually on the anniversary date of this Decree a written report that includes the following information:

    a. The information contained in Paragraphs 16-18, if not yet reported; and

    b. For every reasonable accommodation request made to keep an assistance animal, pursuant to the New Policy during the preceding year:

        i. The name and unit number of the person making the request;

        ii. The date of the request;

        iii. The type or kind of assistance animal requested and the type of disability the assistance animal is requested to alleviate; and

        iv. The disposition of the request.

23. The final report required under Paragraph 22 shall be submitted sixty days prior to the expiration date of this Decree.

24. For the duration of this Decree, Defendants shall preserve all records relating to:

    a. Complaints against Defendants or their agents or employees of discrimination in housing on the basis of disability;

    b. Defendants' receipt and processing of requests for reasonable accommodation of assistance animals by tenants or applicants; and

    c. All documents provided to Defendants in support of a reasonable accommodation request made to keep an assistance animal pursuant to the New Policy;

25.     During the effective period of this Consent Decree, representatives of the United States shall be permitted, upon providing reasonable notice to Defendants, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Decree.

## VIII.   RELIEF FOR AGGRIEVED PERSONS

26.     Defendants shall pay ONE-HUNDRED TWENTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS ($127,500) in compensation for all damages, attorneys' fees, and costs related to claims brought by or on behalf of Joyce E. Ruano, Greg Ruano, Josh Ruano, and Silver State Fair Housing Council, Inc.  The payment described in this Paragraph shall be made payable to the Attorney-Client Trust Account of Brancart & Brancart and sent within thirty (30) days of the effective date of this Decree to Brancart & Brancart, 8205 Pescadero Creek Road, Loma Mar, CA 94021.

27.     Upon receipt of the payment described in Paragraph 26, Counsel for Private Plaintiffs and Defendants shall exchange a mutual release, executed by each of their clients and subject to the terms of this Decree.

28.     Within thirty (30) days after the date of this Decree, Defendants shall deposit an additional TWENTY-FIVE THOUSAND DOLLARS ($25,000) into an interest bearing account ("Settlement Fund") for the purpose of paying monetary relief to any persons who the United States, or the Court, determines were harmed by Defendants' discriminatory policies and practices.  Any interest that accrues shall become part of the Settlement Fund. Within fifteen (15) days thereafter, Defendants shall submit proof to counsel for the United States that this Settlement Fund has been established and that the funds have been deposited.

29.     Within thirty (30) days after the date of this Decree, Defendants shall distribute to all tenants of Rosewood Park Apartments a Notice to Potential Aggrieved Persons ("Notice"), as set out in Attachment D, by delivery to each unit.  Within ten (10) days after such copies of the Notice have been delivered, Defendants shall provide to counsel for the United States a signed statement attesting to the fact that it has complied with this provision of this Decree.

30.     Within sixty (60) days of the effective date of this Decree, Defendants shall arrange and publish a Notice to Potential Victims of Housing Discrimination (hereafter "Notice") as follows:

a.   The Notice shall be published on at least four (4) occasions in the "News" section of each of the following publications: Reno Gazette-Journal, Reno News & Review, and Sparks Tribune.  The Notice shall be published in a space measuring at least one-quarter (1/4) of a page.

b.   The text of the notice is set forth in Attachment D.

c.   Defendants shall provide a copy of the newspapers containing each such Notice to counsel for the United States within ten (10) days of the date of publication of the Notice.

31.     Nothing in this Decree shall prevent the United States from making any additional efforts it deems appropriate to locate and provide notice to potential aggrieved persons.

32.     Upon reasonable notice to Defendants' counsel, Defendants shall produce any rental/tenancy records, or other records in Defendants' possession or control relating to Rosewood Park Apartments, which the United States believes would be useful in identifying persons who may be entitled to relief under this Decree.

33.     Within two hundred eighty-five days (285) days of the effective date of this Decree, the United States shall make preliminary determinations of which persons are aggrieved and an appropriate amount of damages that should be paid to each such person. The United States will inform Defendants in writing of its preliminary determinations, together with a copy of a sworn declaration from each aggrieved person setting forth the factual basis of the claim.  Defendants shall have thirty (30) days from the date of receipt of this information to review it and provide the United States with any documents or information that they believe may refute each claim.

34.     After receiving Defendants' documents or information, the United States shall submit its final recommendations to the Court for approval, identifying the aggrieved persons and an appropriate amount of damages that should be paid to each such person, together with a copy of the sworn declarations and any documents or information submitted by Defendants.  Within ten (10) days of entry of a Court order providing for the distribution of funds to unidentified aggrieved persons, Defendants shall deliver to counsel for the United States checks payable, from the settlement fund, to the aggrieved person in the amounts approved by the Court.

35.     In no event shall the aggregate of all checks to unidentified aggrieved persons exceed the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000) plus accrued interest.

36.     When counsel for the United States has received a check from Defendants payable to an aggrieved person and a signed release in the form of Attachment C from the aggrieved person, counsel for the United States shall deliver the check to the aggrieved person and the original, signed release to counsel for Defendants.  No aggrieved person shall

be paid until he or she has signed and delivered to counsel for the United States the release at Attachment C.

37.     After the satisfaction of Paragraphs 28 – 36 above, and the expiration of the corresponding time periods, any money remaining in the Settlement Fund, including interest, shall be distributed to a qualified organization(s) for the purpose of conducting enforcement or educational activities related to the Fair Housing Act in Reno, Nevada, and/or the surrounding area, with an emphasis on the protection of the rights of persons with disabilities.  Before selecting the qualified organization(s), Defendants will obtain a proposal from the organization(s) on how the funds will be used consistent with the above-stated purpose, submit such proposal to the United States, and consult with and obtain the non-objection of the United States.  The United States and Defendants may request modification of the proposal before approving the organization(s).  The parties shall thereafter seek approval from the Court to distribute the remaining funds to the qualified organization(s).

38.     Defendants shall also require that the qualified organization(s) receiving funds submit to Defendants and the United States a detailed report on how the funds are utilized within one year of receipt of funds, and every year thereafter until the funds are exhausted.

## IX. CIVIL PENALTY

39.     Within thirty (30) days of the date of this Decree, Defendants shall pay to the United States Treasury a total of FIFTEEN THOUSAND DOLLARS ($15,000) as a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(c).  The payment shall be in the form of an electronic funds transfer pursuant to written instructions by the United States.

## X.  RELEASE OF LITIGATION HOLDS

40.     The parties agree that, as of the date of this Decree, litigation is not "reasonably foreseeable" concerning the matters described in paragraphs 1-4.  To the extent that any of the parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in paragraphs 1-4, the parties are no longer required to maintain such a litigation hold.  Nothing in this paragraph relieves the parties of any other obligation imposed by this Decree.

## XI. DURATION, MODIFICATION AND REMEDIES

41.     This Court shall retain jurisdiction over this action and the parties thereto for the duration of this Decree for the purpose of enforcing and modifying its terms.  This Decree shall be in effect for a period of three (3) years from its effective date.  The United States may move the Court to extend the period in which this Decree is in effect if any Defendant violates one or more terms of the Decree or if the interests of justice so require to effectuate the rights and obligations of this Decree.  The term of the Decree will not be extended without the Court's approval.

42.     Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the parties.  The parties will not unreasonably withhold consent to extend time limits for performance imposed by this Decree.

43.     Each party shall notify the other party of any dispute or difference regarding interpretation and compliance with this Decree, whether willful or otherwise, and shall attempt to resolve such dispute informally.  In the event that no resolution is reached, the parties may move this Court to resolve such dispute and impose any remedy authorized by

law or equity which may have been occasioned by the violation or failure to perform by the other party.

44.     All parties shall be responsible for their own attorney's fees and costs, except as otherwise provided in this Decree.

IT IS SO ORDERED.

Dated: this 28th day of October 2013.

THE HONORABLE MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

14

FOR PLAINTIFF UNITED STATES OF AMERICA:

DANIEL G. BOGDEN
United States Attorney

HOLLY A. VANCE
Assistant United States Attorney
United States Attorney's Office
100 West Liberty Street, Suite 600
Reno, Nevada 89501
Tel: (775) 784-5438
Fax: (775) 784-5181

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

  /s/ Jessica Crockett
STEVEN H. ROSENBAUM
Chief
R. TAMAR HAGLER
Deputy Chief
JESSICA CROCKETT
ROGER SEVERINO
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 305-4013
Fax: (202) 514-1116

FOR PLAINTIFFS SILVER STATE FAIR HOUSING COUNCIL, INC. AND JOYCE
EVELYN RUANO:

BRANCART & BRANCART

 /s/ Christopher Brancart
Christopher Brancart
Attorneys for the Private Plaintiffs

FOR DEFENDANTS ROSEWOOD PARK, LLC, BUFF MANAGEMENT, INC., CHAIM
FREEMAN, JANET NOWACK, AND MAGGIE CUEVAS:

MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP

/s/ Jennifer L. Supman
Jennifer L. Supman
Attorney for Defendants

/s/ Chaim Freeman
Chaim Freeman

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A

## POLICY CONCERNING REQUESTS FOR ASSISTANCE ANIMALS

The Federal Fair Housing Act and other state fair housing laws require that housing owners and managers provide reasonable accommodations for tenants and applicants who have disabilities.  Rosewood Park, LLC and Buff Management, Inc. (collectively, "Rosewood Park") are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at Rosewood Park Apartments.

Reasonable accommodations may include waiving or varying Rosewood Park's rules or policies to allow a tenant with a disability to keep an "assistance animal."  An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that alleviates one or more symptoms or effects of a person's disability ("Assistance Animal").  The most common Assistance Animals are dogs, although other animals may qualify as assistance animals.  Assistance Animals are not pets under Rosewood Park's policies, and Assistance Animals will be governed by this policy and not by Rosewood Park's pet policies. Rosewood Park recognizes the importance of Assistance Animals and is dedicated to ensuring that tenants with Assistance Animals may keep them in their units.

If a tenant or applicant with a disability requests a reasonable accommodation for an Assistance Animal, Rosewood Park must determine whether the animal provides assistance needed by that tenant or applicant to afford him or her an equal opportunity to enjoy living at Rosewood Park.  Rosewood Park will not ask about the nature or severity of the person's disability.  Many times, both the disability and the assistance provided by the Assistance Animal is obvious – for example, a dog guiding an individual who is blind or has low vision, or a dog pulling the wheelchair of a person with a mobility impairment.  If this is the case, no further inquiry will be made and Rosewood Park will grant the tenant or applicant the reasonable accommodation.

In the case of a tenant or applicant who requests a reasonable accommodation for an Assistance Animal that provides emotional support or other assistance that alleviates one or more symptoms or effects of the tenant's or applicant's disability, Rosewood Park may require a written statement from a health or social service professional[1] indicating:

     i.    That the applicant has a disability,[2] and

---

[1] "Health or social service professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers.

[2] Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who is regarded as having such an impairment, or a person with a record of such an impairment.

16

     ii.     That the animal would provide emotional support or other assistance that would alleviate one or more symptoms or effects of the disability.

In the case of a tenant or applicant who requests a reasonable accommodation for an Assistance Animal that does work or performs tasks for the benefit of a person with a disability, Rosewood Park may require that the tenant or applicant provide:

     i.     A written statement from a health or social service professional indicating that the person has a disability, and

     ii.     Information that the animal has been individually trained to do work or perform tasks that would alleviate one or more symptoms or effects of the disability, or information that the animal, despite lack of individual training, is able to do work or perform tasks that would alleviate one or more symptoms or effects of the disability.

In the case of an Assistance Animal that both provides emotional support or other assistance that alleviates one or more symptoms or effects of a disability and does work or performs tasks for the benefit of a person with a physical disability, Rosewood Park may require compliance with either of the two preceding paragraphs, but not both.

Rosewood Park will not require compliance with any of the following requirements:

     i.     In the case of an Assistance Animal that provides emotional support or other assistance that alleviates one or more symptoms or effects of a disability, that the animal have been trained or have a certification of its efficacy,

     ii.     That the tenant or applicant pay any fee, deposit, or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal,

     iii.     That an Assistance Animal must wear a red coat or vest, or

     iv.     That tenants with Assistance Animals must live in certain units of the complex.

In processing requests for Assistance Animals, Rosewood Park will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests. Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area to which only those designated persons have access, except as otherwise required by law.

It is the responsibility of a person with a disability who is a tenant or applicant to inform Rosewood Park as to his or her need for an Assistance Animal, and to request a reasonable accommodation and provide any required documentation. A person with a disability may request a reasonable accommodation orally but it will be more helpful to make it in writing. To

that end, Rosewood Park has a "Form to Request An Assistance Animal" (attached to this Policy) which a person with a disability, or someone on his or her behalf, can use to make a reasonable accommodation request for an Assistance Animal.

If the applicant requires assistance in completing the form, a Rosewood Park employee will provide assistance or will fill out the form based on an oral request. Rosewood Park is using the form to record reasonable accommodation requests so that we obtain only the information necessary to make a reasonable accommodation decision and do not obtain confidential information that we do not need to make a reasonable accommodation decision.

Rosewood Park may deny your request for an Assistance Animal if: (1) the specific Assistance Animal in question poses a direct threat to the health or safety of others that cannot be reduced or eliminated by another reasonable accommodation, or (2) the specific Assistance Animal in question would cause substantial physical damage to the property of others that cannot be reduced or eliminated by another reasonable accommodation.

Once a completed request with any required documentation is received, Rosewood Park will provide a response within fourteen days. Prior to denying a request, Rosewood Park will attempt to engage in an interactive process with the person making the request in which the parties discuss possible alternative accommodations that might effectively meet the person's disability-related needs. Rosewood Park recognizes that a person with a disability is generally in the best position to know whether or not a particular accommodation will be effective in meeting his or her needs. If a request is denied, an explanation for the denial will be included in the written notification of denial.

If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, he or she may contact:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street SW
Washington, DC  20410
(800) 669-9777
https://www5.hud.gov/Hud903/main/pagHUD903Form.jsp

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FORM TO REQUEST AN ASSISTANCE ANIMAL**

The Federal Fair Housing Act and other state fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and tenants who have disabilities.  Rosewood Park, LLC and Buff Management, Inc. (collectively, "Rosewood Park") are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at Rosewood Park Apartments.

Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who is regarded as having such an impairment, or a person with a record of such an impairment. Reasonable accommodations may include waiving or varying Rosewood Park rules or policies to allow a tenant to keep an "assistance animal."  An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that alleviates one or more symptoms or effects of a person's disability ("Assistance Animal").

If you or someone associated with you has a disability and you believe that there is a need for an Assistance Animal as a reasonable accommodation for the person with a disability to use and enjoy a dwelling unit at Rosewood Park Apartments, please complete this form and return it to the leasing office.  Please check all items that apply and answer all questions. Rosewood Park will answer this request in writing within 14 days.  All information provided to Rosewood Park in connection with this request will be kept confidential, except as otherwise required by law.  If you require assistance in completing this form, please call the leasing office at (telephone number) for assistance or to make an oral request for a reasonable accommodation.

1.      Do you require assistance filling out this form?

□ Yes   □ No

If your answer is "Yes," and you do not have someone who can assist you, please ask [name and phone number] to assist you in filling out this form.

If your answer is "No," continue on to Question No. 2.

2.      Today's Date: _____

3.      The person who has a disability requiring a reasonable accommodation is (please check one):

_____ **Me**. If you answered "Me," continue to Question 4.

_____ **A person on whose behalf I am making a reasonable accommodation request or whom I am assisting**. After filling out the following, continue to Question 4 and fill out the information regarding the person for whom you are requesting a reasonable accommodation:

Name of person filling out form:_____

Address: _____

Telephone number: _____

Relationship to person needing Assistance Animal:_____

4.      Name of person with a disability for whom a reasonable accommodation is being requested:

_____

Phone number: _____

Address: _____

        **For questions 5 through 9, "you" or "your" applies to the person with a disability requiring a reasonable accommodation.**

5.      Are you a person with a disability requesting an accommodation of an Assistance Animal so that you can have an equal opportunity to use and enjoy a dwelling at Rosewood Park Apartments?

   □ Yes   □ No

6.      Designate the species of animal for which you are making a reasonable accommodation request e.g., "dog," "cat," :

_____

7.     Provide the name and physical description (size, color, weight, any tag and/or license) of the animal for which you are making a reasonable accommodation request:

_____

_____

_____

8.     Does the animal for which you are making a reasonable accommodation request perform work or do tasks for you because of your disability?

   □ Yes   □ No  (If "No," continue to Question 9)

If the answer is yes:

(a) provide a statement from a health or social service professional indicating that you have a disability (i.e. you have a physical or mental impairment that substantially limits one or more major life activities); and

(b) explain below how the animal has been trained to do work or perform tasks that alleviate one or more symptoms or effects of your disability or, if the animal lacks individual training, how the animal is able to do work or perform tasks that would alleviate one or more symptoms or effects of your disability:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

You may provide any additional information or documentation of the training or work you describe above and attach it to this application.

9.      If the animal for which you are making a reasonable accommodation request does not perform work or do tasks for you because of your disability, but provides emotional support or alleviates one or more symptoms or effects of your disability, please submit a statement from a health or social service professional stating that (a) you have a disability (i.e. you have a physical or mental impairment that substantially limits one or more major life activities); and (b) the animal would provide emotional support or other assistance that would alleviate one or more symptoms or effects of your disability and how the animal alleviates the symptoms or effects. Please attach such a statement to this application.

10.     Does your animal have a history of aggression or dangerous behavior towards people or other domestic animals? If so, please explain in detail below:

_____
_____
_____
_____

11.     Have any lawsuits, actions or complaints ever been filed in any court of law or with any administrative agency concerning an aggressive act or dangerous behavior by your animal toward persons or property?

        If so, please explain the nature of the lawsuit, action or complaint, the disposition of the lawsuit, action or complaint and attach all supporting documents.

_____
_____
_____
_____

12.     If you answered yes to 10 or 11, you may provide below any additional assurances or documentation that supports that the animal is not currently a direct threat to others.

_____
_____
_____
_____

_____          _____
Signature of person making request         Date

22

1

_____        _____
Signature of person with disability                    Date
(if person with disability is a minor,
signature of parent or legal guardian)

*TO BE COMPLETED BY MANAGEMENT*

Form accepted by: _____

Date_____

_____
Signature

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT B**

**CERTIFICATION OF RECEIPT OF CONSENT DECREE**

I certify that I have received a copy of the Consent Decree entered by the United States District Court for District of Nevada in <u>Silver State Fair Housing Council, Inc. et al.</u> v. <u>Rosewood Park, LLC et al.</u>, Nos. 3:12-cv-00229; 3:12-cv-00605 (D. Nev.).  I further certify that I have read and understand the Decree, that any questions I had concerning the Decree were answered, and that I understand that the Defendants may be sanctioned or penalized if I violate this Decree.

_____
(Signature)

_____
(Printed Name)

_____
(Title)

_____
(Date)

24

**ATTACHMENT C**

**FULL AND FINAL RELEASE**

  In consideration for the parties' agreement to the terms of the Consent Decree entered in Silver State Fair Housing Council, Inc. et al. v. Rosewood Park, LLC et al., Nos. 3:12-cv-00229; 3:12-cv-00605 in the United States District Court for the District of Nevada and Defendants' payment to me of _____, pursuant to the Consent Decree, I, _____, do hereby fully release and forever discharge Rosewood Park, LLC, Buff Management, Inc., Chaim Freeman, Janet Nowack, Maggie Cuevas, and their insurers, attorneys, agents, employees, former employees, heirs, executors, and administrators and any persons acting under their respective direction or control from any and all fair housing claims set forth, or which could have been set forth, in the Complaints in this lawsuit that I may have had against any of them for any of their actions or statements related to those claims through the date of entry of the Consent Decree.

    Executed this _____ day of _____, 201_

                _____
                (Signature)

                _____
                (Printed Name)

                _____
                (Home Address)

                _____
                (Home Address Continued)

**ATTACHMENT D**

**NOTICE TO POTENTIAL AGGRIEVED PERSONS**

On [DATE], a settlement fund was established to compensate persons with disabilities who encountered unlawful discrimination in connection with an assistance animal at Rosewood Park Apartments in Reno, Nevada.  The Fair Housing Act requires that a landlord grant reasonable accommodation requests to persons with disabilities.  This includes granting requests from persons with disabilities who rely on assistance animals to waive pet rules and "no pet" policies.  An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability or provides emotional support or other assistance that alleviates one or more symptoms or effects of a person's disability.

**IF YOU ARE A PERSON WITH A DISABILITY AND HAVE AN ASSISTANCE ANIMAL, YOU MAY BE ENTITLED TO A MONETARY AWARD IF:**

- You were denied the opportunity to live at Rosewood Park Apartments in Reno, Nevada because of a "no pets" policy.
- You were required to pay pet fees or a pet deposit for the assistance animal.
- You were required to live in a certain section of Rosewood Park Apartments.

If you believe you fall into one of these categories, or if you have information about someone else you believe falls into one of these categories, please contact the United States Department of Justice, no later than _____, at: 1-800-896-7743 and select menu option _____.  You may also write to:

**United States Department of Justice**
**Civil Rights Division**
**Housing and Civil Enforcement Section**
**1800 G Street, N.W., Suite 7002**

26

**Washington, DC 20006**
**Attn: DJ# 175-46-135**

**Your telephone message or letter must include your name, address, and, if possible, at least TWO telephone numbers where you may be reached.**